United States District Court
Southern District of Texas
**ENTERED**
November 12, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EVELIN JOSSELIN SALINAS CHAVEZ, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-09784 |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| MARTIN FRINK, Respondent. | § | |

**ORDER ON DISMISSAL**

Petitioner Evelin Josselin Salinas Chavez filed a petition for writ of *habeas corpus* under 28 USC §2241 on November 6, 2026. Dkt 1. She proceeds *pro se*. She appears to acknowledge illegal entry into the United States at a prior date but nonetheless asserts that her current detention violates the Due Process Clause of the Fifth Amendment. Id at 2–4, 6.

She alleges that (i) she entered the United States in June 2020, (ii) she is a victim of human trafficking, (iii) she was detained on September 23, 2026, (iv) she has no criminal convictions, and (v) her removal proceedings are pending. Id at 5–6. She also states that she "appears eligible" to apply for a T-visa, but without contention that she has made such an application. Ibid. She also maintains that she isn't a flight risk or danger to the community and that her detention is thus arbitrary and unnecessary. Ibid. As relief, she seeks release from detention. Id at 7.

A district court entertaining an application for a writ of *habeas corpus* "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled

thereto.” 28 USC §2243. A petition brought under 28 USC §2241 is subject to summary dismissal if it “plainly appears from the face of the petition . . . that the petitioner is not entitled to relief.” *Kiser v Johnson*, 163 F3d 326, 328 (5th Cir 1999), quoting Rule 4 of the Rules Governing Section 2254 Cases; see also Rule 1(b) of the Rules Governing Section 2254 Cases (permitting courts to apply such rules to *habeas* petitions not covered by Rule 1(a), including §2241 petitions).

The Fifth Circuit has issued a controlling decision with respect to detention under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an “applicant for admission” and deemed to be “seeking admission,” and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See id at 502–08; accord *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex) (as to §1225(b)(2)(A)). Such determination forecloses statutory arguments under the INA, along with any claim that the subject agency acted *ultra vires* in exercising detention authority in this context.

The Fifth Circuit has also issued a separate *en banc* decision with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 2026 WL 3181188 (5th Cir). With reference to detention pending conclusion of removal proceedings for aliens who have never been admitted, the decision holds that neither procedural nor substantive due process requires hearings or other process beyond those provided by Congress. Id at *5–6, 9–10. As to that category of aliens, “the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, *are* due process of law.” Id at *5, quoting *DHS v Thuraissigiam*, 591 US 103, 138 (2020) (emphasis in original); accord *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex) (as to procedural due process). The Fifth Circuit also flatly stated, “Any assertion of a fundamental right to freedom from custody pending removal proceedings fails.” Id at *11. And in broader

context, it further observed, "So long as an alien's detention pending removal 'ha[s] a definite termination point'—removal or release—his or her continued confinement without bond hearing does not offend due process." Id at *13, quoting *Banyee v Garland*, 115 F4th 928, 933–34 (8th Cir 2024); see also *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex) (as to substantive due process).

Such decisions resolve any claims in the petition as to the INA and the Due Process Clause. It thus appears that the only exception with respect to due process that might now apply is that articulated in *Zadvydas v Davis*, 533 US 678 (2001), with respect to post-removal-order detention and the presumptively constitutional six-month period. But Petitioner here is not yet subject to a final order of removal.

To the extent that Petitioner alleges entitlement to relief because she qualifies to apply for a T-visa, it is noted that pendency of an application for such a visa does not, standing alone, confer lawful immigration status, prevent enforcement of a final order of removal, or create a statutory entitlement to release from custody. See *Allaico Pacheco v Noem*, 2026 WL 475293, *3 (WD Tex), citing 8 CFR §214.204(b)(2)(i). And as already indicated above, Petitioner doesn't allege that she has filed a T-visa application—only that she may qualify to file one. Such circumstances don't render her detention unlawful or entitle her to *habeas* relief.

As such, it appears from the face of the petition that Petitioner is not entitled to relief. The petition will thus be dismissed with prejudice on the basis presently submitted.

* * *

Many petitioners for writ of *habeas corpus* in this context present sympathetic personal and family circumstances. Even so, application of §1225(b)(2)(A) comports with due process and supports the position of the Government as to mandatory detention. Inquiry beyond that, as to whether such position is the best or wisest use of executive enforcement priorities, or whether it is in line

with the priorities of prior Administrations, simply isn't the remit of an Article III court. It is instead the subject of legislation and the result of elections, both of which have consequences. See *Montoya Cabanas*, 2025 WL 3171331 at *6.

The petition for writ of *habeas corpus* by Petitioner Evelin Josselin Salinas Chavez is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

All pending motions are DENIED AS MOOT.

It is ORDERED that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on November 12, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge